IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAETEC COMMUNICATIONS, INC. ) <br> One PAETEC Plaza ) <br> 600 Willowbrook Office Park ) <br> Fairport, New York ) <br> (585) 340-2500 ) <br>   ) <br> PAETEC COMMUNICATIONS OF ) <br> VIRGINIA, INC. ) <br> One PAETEC Plaza ) <br> 600 Willowbrook Office Park ) <br> Fairport, New York ) <br> 585) 340-2500 ) <br>   ) <br> US LEC OF PENNSYLVANIA INC. ) <br> One PAETEC Plaza ) <br> 600 Willowbrook Office Park ) <br> Fairport, New York ) <br> (585) 340-2500 ) <br>   ) <br> US LEC OF VIRGINIA L.L.C ) <br> One PAETEC Plaza ) <br> 600 Willowbrook Office Park ) <br> Fairport, New York ) <br> (585) 340-2500 ) <br>   ) <br> US LEC OF MARYLAND INC. ) <br> One PAETEC Plaza ) <br> 600 Willowbrook Office Park Columbia ) <br> Fairport, New York ) <br> (585) 340-2500 ) <br>        Plaintiffs, ) <br>   ) <br>    VS. ) <br>   ) <br> CAVALIER TELEPHONE, L.L.C. ) <br> 2134 West Laburnum Avenue ) <br> Richmond, Virginia 23227 ) <br> (804) 422-4100 ) <br>        Defendant ) | CIVIL ACTION NO. |

# **COMPLAINT**

1

Plaintiff PAETEC Communications, Inc., Plaintiff PAETEC Communications, Inc. of Virginia, Plaintiff US LEC of Pennsylvania Inc., Plaintiff US LEC of Virginia L.L.C., and Plaintiff US LEC of Maryland Inc. (hereinafter collectively and individually referred to as "PAETEC"), by and through their attorney Jeffrey J. Binder, Esquire, The Watergate, 2510 Virginia Avenue, N.W., Washington, D.C. 20037, (202) 965-0199, hereby file this complaint against Defendant Cavalier Telephone, L.L.C. (hereinafter referred to as "Cavalier"). In support of this Complaint, PAETEC states as follows:

## PARTIES

1.      Plaintiff PAETEC Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York. PAETEC is engaged in the business of providing telecommunications services in, among other places, the District of Columbia.

2.      Plaintiff PAETEC Communications of Virginia, Inc. is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York. PAETEC Communications of Virginia is engaged in the business of providing telecommunications services in the Commonwealth of Virginia.

3.      Plaintiff US LEC of Pennsylvania Inc. is a corporation organized under the laws of the state of North Carolina with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York.  PAETEC Communications of

Virginia is engaged in the business of providing telecommunications services in the Commonwealth of Pennsylvania, the state of New Jersey, and the state of Delaware.

4.      Plaintiff US LEC of Virginia L.L.C. is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York.  Plaintiff US LEC of Virginia, Inc. is engaged in the business of providing telecommunications services in the Commonwealth of Virginia and the District of Columbia.

5.      Plaintiff US LEC of Maryland Inc. is a corporation organized under the laws of the state of North Carolina with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York.  Plaintiff US LEC of Maryland, Inc. is engaged in the business of providing telecommunications services in the Commonwealth of Virginia and the District of Columbia.

6.      Defendant Cavalier Telephone, L.L.C. is a corporation organized under the laws of the Commonwealth of Virginia with headquarters located at 2134 West Laburnum Avenue, Richmond, Virginia. Cavalier is engaged in the business of providing, *inter alia,* interstate and intrastate telecommunications and telecommunications related services in the District of Columbia and other states including, *inter alia,* Maryland, Virginia, New Jersey, Delaware and Pennsylvania.

**JURISDICTION AND VENUE**

7.      This court has subject matter jurisdiction herein pursuant to 28 U.S.C. §§ 1331 and 1337 because this case arises out of federal law, the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.*, and federal tariffs filed with the Federal Communications Commission.

8.      This court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367.

9.      This court has personal jurisdiction over Cavalier because Cavalier is engaged in the systematic and continuous conduct of business in the District of Columbia. Cavalier has provided and does provide telecommunications and telecommunications related services in the District of Columbia. Cavalier offers, *inter alia,* local exchange, intrastate toll, interstate toll, and internet services. Cavalier purposefully availed itself of the privilege of conducting business activities in the District of Columbia and is registered to do business in the District of Columbia as a foreign corporation. Cavalier has a registered agent within the District of Columbia. Cavalier's conduct in connection with the District of Columbia required it reasonably to anticipate that it would subject to the jurisdiction of the courts in the District of Columbia.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that the Defendant Cavalier resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this district.

## FACTS COMMON TO ALL CLAIMS

11.     PAETEC is engaged in the business of providing, *inter alia,* telecommunications services. These services include, but are not limited to, interstate and intrastate exchange access, exchange services, and interlata and intralata toll services.

12.     At all times relevant to this action, Cavalier was engaged in providing telecommunications services and telecommunications related services as described in paragraph six (6) above.

13.     In or about 2005 to the present, PAETEC provided various telecommunications services including, but not limited to, interstate, intrastate, and local telecommunications to Cavalier pursuant to, *inter alia,* various agreements and applicable tariffs.

14.     PAETEC invoiced Cavalier monthly for such services purchased by Cavalier.

15.     PAETEC's charges for the services were in compliance with all applicable tariffs and agreements.

16.     However, despite receiving notice of their delinquency, Cavalier failed to pay the amounts owing which amounts exceed three million dollars ($3,000,000). In addition, Cavalier owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

17.     Pursuant to the terms of the agreement and applicable tariffs, Cavalier is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreement.

18.     PAETEC reserves the right to amend its claims to include any additional charges that may be owed by Cavalier and such attorneys' fees, costs, expenses and interest as may be allowed by law.

## COUNT I

### Breach of Contract

19.     The allegations set forth in paragraphs 1 through 18 above are incorporated herein by reference.

20.     Cavalier has received telecommunications services from PAETEC pursuant to various contracts and has not paid for such services.

21.     As a direct and proximate result of Cavalier's breach of the contracts, PAETEC has suffered significant monetary damages exceeding three million dollars ($3,000,000). In addition, Cavalier owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

22.     Pursuant to the terms of the agreement and applicable tariffs, Cavalier is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreement.

WHEREFORE, PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against Cavalier for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT II

### Alternative Claim for Breach of Contract

23.     The allegations set forth in paragraphs 1 through 22 above are incorporated herein by reference.

24.     PAETEC filed various tariffs with the Federal Commissions Commission and the Public Service Commission of the District of Columbia and other state commissions including, but not limited to, Maryland, Pennsylvania, Delaware, Virginia, and New Jersey ("tariffs").

25.     The tariffs describe the rates and services offered by PAETEC to their customers and contain rules, regulations and rates pursuant to which such telecommunications services are rendered.

26.     In accepting the telecommunications services provided by PAETEC, Cavalier undertook and assumed an obligation to make all payments due to PAETEC in accordance with the terms of the tariffs.

27.     Because Cavalier has failed to pay for services provided it by PAETEC, Cavalier is in breach of the tariffs.

28.     As a direct and proximate result of Cavalier's breach of these agreements and tariffs, PAETEC has suffered significant monetary damages exceeding three million dollars ($3,000,000). In addition, Cavalier owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

WHEREFORE, PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against Cavalier for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT III

### Alternative Claim for Quantum Meruit

29.     The allegations set forth in paragraphs 1 through 28 above are incorporated herein by reference.

30.     In the event that it is determined that no agreement existed in fact or at law between PAETEC and Cavalier, then, in the alternative, it is averred that PAETEC, at Cavalier's request, and with Cavalier's knowledge, acquiescence and acceptance, provided to Cavalier the services described above.

31.     In the course of providing such services, PAETEC necessarily incurred various costs, and charges for labor, for use of its equipment and facilities and for other expenses.

32.     Cavalier has refused, despite demand, to pay the fair value for the services furnished, although payment is past due.

WHEREFORE, PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against Cavalier for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT IV

### Alternative Claim for Unjust Enrichment

33.     The allegations set forth in paragraphs 1 through 32 above are incorporated herein by reference.

34.     Cavalier obtained from PAETEC the above-described telecommunications services. Cavalier received the benefits those services and failed to make to PAETEC proper payment or restitution for the services and benefits received.

35.     Cavalier has been unjustly enriched at the expense of PAETEC.

36. Cavalier's actions constitute an unjust retention of benefit owed to PAETEC, which is contrary to the principles of equity and justice.

WHEREFORE, PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against Cavalier for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jeffrey J. Binder

Jeffrey J. Binder, Esq.
D.C. Bar #475821
The Watergate
Suite 1107 North
2510 Virginia Avenue, N.W.
Washington, D.C. 20037
j.j.binder@verizon.net

Attorney for:
PAETEC Communications, Inc.
PAETEC Communications of Virginia, Inc.
US LEC of Virginia, Inc.
US LEC of Maryland, Inc.

Dated this 5th day of November, 2007

# CIVIL COVER SHEET

07-1993
RMU

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

PAETEC Communications, Inc.
PAETEC Communications of Virginia, Inc.
US LEC of Pennsylvania Inc.
US LEC of Virginia L.C.C.
US LEC of Maryland Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jeffrey J. Binder, Esq.
2510 Virginia Avenue, NW
Washington, D.C. 20037
202-965-0199

## DEFENDANTS

CAVALIER Telephone, L.L.C.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:07-cv-01993
Assigned To : Urbina, Ricardo M.
Assign. Date : 11/6/2007
Description: CONTRACT

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊙ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
47 U.S.C. s.151 et seq. Breach of telecommunications tariffs and contracts.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 3,000,000 +   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE November 5, 2007   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.